**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NIVEA LONG,

        Plaintiff,

v.                                                Case No: 6:20-cv-254-WWB-EJK

CITY OF ORLANDO, LISA EARLY and
BRENDA MARCH,

        Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 28), and Plaintiff's Response in Opposition (Doc. 29). For the reasons stated herein, the Motion will be granted in part.

**I.    BACKGROUND**

Plaintiff worked as a youth counselor for the City of Orlando (the "**City**") from April 12, 2002, up until her termination on May 10, 2017. (Doc. 27 at 3–4, 11). Plaintiff alleges that from 2011 until her termination, her supervisor, Brenda March,[1] made offensive comments regarding Plaintiff's pregnancy, subjected her to derogatory comments regarding her perceived sexual orientation, and imposed restrictions on her work attire because March did not find it feminine enough. (*Id.* at 3–5). Additionally, Plaintiff states that March openly accused her of being in a sexual relationship with her former female supervisor in front of other members of the department and threatened Plaintiff's job due

---

[1] March was a named defendant in Plaintiff's initial Complaint (Doc. 1), however the Amended Complaint does not allege any claims for relief against her. Therefore, March will be terminated as a named defendant in this matter.

to her alleged sexual relationship with her former supervisor. (*Id.* at 5). As a result of March's conduct, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("**EEOC**") on April 1, 2016. (*Id.* at 6). Plaintiff alleges that after she filed her April 2016 EEOC complaint the City denied her a promotion while advancing males in similar positions and continued to pay similarly situated male employees more. (*Id.* at 6–7). The City also allegedly began enforcing stricter dress codes for female employees, shared Plaintiff's personal information with other employees, and excluded Plaintiff from job related meetings and altered her assignments. (*Id.* at 7).

Plaintiff alleges that March also discussed Plaintiff's personal information and her EEOC complaint with a former City employee. (*Id.* at 8). When Plaintiff confronted March about the incident, March allegedly threatened to "expose a post" that Plaintiff made on social media, which Plaintiff interpreted as a threat to terminate her employment. (*Id.*). As a result, and consistent with City policy, Plaintiff filed a grievance with the City's Family Parks & Recreation Director, Lisa Early.[2] (*Id.*). When Early's response left Plaintiff dissatisfied, her grandmother made a complaint to the City on her behalf, prompting Early to meet with Plaintiff in person. (*Id.* at 9). After the meeting, Plaintiff claims she was convinced that the City did not intend to assist her in resolving the hostile work environment allegedly created by March. (*Id.*).

On or about February 28, 2017, Plaintiff was hospitalized and sought treatment for anxiety, depression, and emotional distress caused by her work environment. (*Id.* at 10). Plaintiff was placed on medical leave under the Family Medical Leave Act ("**FMLA**") from

---

[2] Early was a named defendant in Plaintiff's initial Complaint (Doc. 1), however the Amended Complaint does not allege any claims for relief against her. Therefore, Early will be terminated as a named defendant in this matter.

March 1, 2017, through March 22, 2017. (*Id.*). Upon returning to work, Plaintiff alleges that the City materially changed her position by terminating her access to databases and other tools vital to her job, which effectively removed her from her position and stopped her upward mobility with the City. (*Id.*). On May 5, 2017, Plaintiff filed a second complaint with the EEOC, asserting claims of discrimination and retaliation. (*Id.*). Five days later, the City terminated Plaintiff's employment. (*Id.* at 11).

As a result of her termination, Plaintiff asserts claims against the City for discrimination and retaliation in violation of Title VII of the Civil Rights Act ("**Title VII**"), 42 U.S.C. § 2000e *et seq.*, (Counts I and II); retaliation against Plaintiff for exercising her rights under the FMLA, 29 U.S.C. § 2601 *et seq.*, (Count III); discrimination and retaliation in violation of the Florida Civil Rights Act ("**FCRA**"), Fla. Stat. § 760.01 *et seq.*, (Counts IV and VI); and discrimination in violation of the Equal Pay Act ("**EPA**"), 29 U.S.C. § 206(d), (Count VII). (*Id.* at 11–32).

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

In its Motion, the City argues that Plaintiff's Amended Complaint remains a shotgun pleading because it impermissibly lumps together various claims for relief and contains typographical errors in the numbering of claims and paragraphs. In the alternative, the City argues that each count of the Amended Complaint fails to state a claim upon which relief may be granted.

### A. Shotgun Pleading

On November 6, 2020, the Court dismissed Plaintiff's initial Complaint as a shotgun pleading because it failed to specify what factual allegations supported each cause of action, failed to separate various claims and bases for liability into separate counts, and contained numerous inconsistent and irrelevant allegations. (Doc. 26 at 4–6). While Plaintiff appears to have corrected the first and third issues, the City argues that Plaintiff still fails to adequately separate her claims into individual counts in the Amended Complaint. This Court agrees with respect to some of Plaintiff's claims.

In Counts I and IV, Plaintiff attempts to allege both hostile work environment and disparate treatment claims. As numerous courts in this Circuit have held, despite possibly

4

sharing some factual overlap, claims for hostile work environment and for discrimination based on disparate treatment are distinct claims and must be pleaded separately. *See, e.g.*, *Bone v. All. Inv. Co.*, No. 5:18-cv-01706-LCB, 2020 WL 5984017, at *9 (N.D. Ala. Oct. 8, 2020); *Harris v. Pub. Health Tr. of Mia.-Dade Cnty.*, No. 1:19-cv-25298-KMM, 2020 WL 1933169, at *4 (S.D. Fla. Apr. 14, 2020); *Smith v. City of Atl. Beach*, No. 3:18-cv-1459-J-34MCR, 2019 WL 2330470, at *1 n.1 (M.D. Fla. May 31, 2019). Thus, Counts I and IV must be dismissed for failure to comply with Federal pleading standards.

Likewise, Counts II and VI incorporate numerous factual allegations alleging several instances of purported protected activity and several purportedly material adverse actions arising from those activities over a significant period of time. Additionally, the factual allegations continue to reference both the disparate treatment and hostile work environment claims. Simply put, the Amended Complaint attempts to assert multiple discrete instances of alleged retaliation in a single count, which makes it nearly impossible to determine what actions and consequences she alleges are causally connected. *See Brooks v. U.S. Dep't of Veterans Affs.*, No. 20-cv-23114, 2021 WL 76200, at *5 (S.D. Fla. Jan. 8, 2021). To the extent that Plaintiff argues that this Court should permit her pleading to go forward because she "does not know exactly why Defendant engaged in the many unlawful adverse actions against her," Plaintiff is improperly attempting to shift her pleading burden onto the City. (Doc. 29 at 17). To be clear, Plaintiff could have pleaded her claims in the alternative, but she was still required to set each specific claim out in a separate count such that the Court and the City could clearly understand the nature of her claims. She was not permitted by the Federal Rules to simply throw all the facts at the wall and see what would stick. Thus, Counts II and VI will also be dismissed.

Although Counts III and VII would benefit from further refinement, they do not run afoul of the federal pleading standards. Count III clearly sets forth the date of Plaintiff's FMLA leave and the conduct that she alleges constituted unlawful retaliation. And while Count VII includes irrelevant allegations about promotions and harassment, it is clear Plaintiff is alleging a claim under the EPA for wage discrimination. Therefore, the Court will next address the City's substantive arguments with respect to these claims.

**B.     Count III**

With respect to Count III, the City argues that Plaintiff failed to allege an adverse employment action sufficient to support an FMLA retaliation claim. To state a claim of retaliation under the FMLA, "an employee must allege that: (1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015) (quotation omitted).

In support of her claim, Plaintiff alleges that upon returning from FMLA leave, the City took away tools vital to the performance of her position, effectively terminating her from the role she had prior to using leave, diminishing the prestige of the position, and otherwise preventing her from further career advancement with the City. (Doc. 27 at 10). Thereafter, Plaintiff alleges that she was terminated from her employment. (*Id.* at 20–21). Contrary to the City's arguments, at the pleading stage, this is sufficient to allege an adverse employment action. *See Menefee v. Montgomery Cnty. Bd. of Educ.*, 137 F. App'x 232, 234 (11th Cir. 2005) (holding that an action can be materially adverse "if it involves a reduction in pay, prestige or responsibility" (quotation omitted)); *Ward v. Ortho Biotech Prods., L.P.*, No. 6:05-cv-1500-Orl-19KRS, 2007 WL 3379850, at *6 (M.D. Fla.

Nov. 14, 2007) ("Under certain circumstances the decision to take away an employee's additional responsibilities, which improve her career advancement potential, can be considered an adverse employment action for the purposes of a retaliation claim."); *Bell v. Ga.-Pac. Corp.*, 390 F. Supp. 2d 1182, 1188 (M.D. Fla. 2005) (holding that termination is an adverse employment action). Therefore, the City's Motion will be denied as to Count III.

## C. Count VII

The EPA prohibits employers from discriminating between employees on the basis of sex in the payment of wages. 29 U.S.C. § 206(d)(1). "To plead an EPA violation, the plaintiff must allege facts indicating 'that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1197–98 (N.D. Ala. 2019) (quoting *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077–78 (11th Cir. 2003)).

The City argues that Plaintiff has not alleged a claim under the EPA because she has not alleged that the male comparator cited in the Amended Complaint held the same position as she did. The City's argument is contrary to the well-pleaded allegations of the Amended Complaint, in which Plaintiff explicitly alleges that Marcus Moore was hired in the same position that she was performing but was given greater compensation as a result of his gender. (Doc. 27 at 4, 30). Accordingly, the City's Motion will also be denied with respect to Count VII.

## D. Leave to Amend

Although Plaintiff has neither moved for leave to amend nor requested such leave from this Court, the Court does not find that amendment of the dismissed claims would be futile. Therefore, Plaintiff will be permitted one final chance to allege the dismissed claims in accordance with this Order and all applicable rules and laws. However, Plaintiff is cautioned that further leave to amend will not be granted absent a showing of extraordinary good cause.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 28) is **GRANTED in part** and Counts I, II, IV, and VI are **DISMISSED without prejudice**. The Motion is **DENIED** in all other respects.

2. Plaintiff may file an amended pleading in accordance with this Order on or before **June 16, 2021**. Failure to timely file an amended pleading may result in the dismissal of the above claims with prejudice and without further notice.

3. The Clerk is directed to terminate Lisa Early and Brenda March as defendants in this matter and amend the case style accordingly.

**DONE AND ORDERED** in Orlando, Florida on June 2, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record